## WIGHT v. MOTT AND DOWNER.

A judgment rendered by confession ought to express the particular debt or duty it is for, that it may be pleadable in bar of a future demand for the same thing.

Averments contrary to the record, not admissible.

. ERROR from the judgment of a justice of the peace.    The plaintiff in error (as is suggested) confessed a judgment on a note to the defendants, the contents of which, with interest, amounted to £27 3s. 5d.    The justice entered up two distinct judgments, the one for £20 and the other for the remainder.    The judgments were recorded in the same words (except the sums) as follows: — " Personally appeared, Joseph Wight, of Norwich, and confessed judgment, that he justly owed Edward Mott and Joshua Downer, of Preston, in said county, £20 lawful money, debt, and one shilling and six pence cost; wherefore, it is considered by this court, that said Mott and Downer recover," etc.

The note was lodged on file, without any entry upon it; nor was there any reference in the record, to the note, or any other thing.

The error assigned was, that the justice rendered two judgments on one confession;—whereas, by law, he ought not to have rendered any judgment, the sum being beyond his jurisdiction.

It was contended, by Mr. Huntington and Mr. Spalding, for the plaintiff in error, that the proceedings of the justice were manifestly erroneous on every principle, if the writ of error contained a true stating:    That the defendants, by

putting in a general plea, had admitted everything contained in the writ, and could now contest nothing but the legal conclusion. But all averments in the writ being laid aside, the judgments will still appear to be illegal, from the face of the record; for they do not refer to any particular debt, and could never be pleaded in bar of any demand whatever. The note is brought up as a part of the record on which the judgments are founded; it does not compare with either of them;— it is, therefore, not discharged or affected by them, but is still liable to be put in suit.

It was contended by Mr. Halsey and Mr. Peters, for the defendants in error, that no arguments were applicable to the case, but such as could fairly be drawn from the face of the record itself; and no averment in the writ, unsupported by the record, could lay a foundation for reversal. Here were two complete records of two judgments, within the jurisdiction of the justice; the court, therefore, could not, by intendment, suppose there was but one confession, for it would contradict the record; nor could it be supposed that they were rendered without legal foundation, for the record expressed sufficient ground to found a judgment. The statute allowing confessions to be taken, is in these general terms:    " That any justice of the peace is empowered to take and accept a confession and acknowledgment of any debt, from a debtor to his creditor, either upon or without antecedent process, as the parties shall agree; which confession shall be made only by the person of the debtor himself:    And on such confession so made, the justice shall make a record thereof, and thereon grant out execution, in due form of law.    Provided, no such confession shall be

taken for more than £20 debt." — This statute prescribes no particular form of entry.    The note being the only evidence of the debt on which the judgments were founded, and becoming a part of the justice's files and records, can never subject the debtor to any future demand for the same thing.

The judgment reversed.

By DYER, PITKIN and ELLSWORTH, JJ.    Though the statute prescribes no form of a confession, or entry of a judgment thereon, yet the reason and nature of the case require, that judgment upon a confession should express the particular debt or duty, about which it is conversant, as a debt due by a certain note or bond, or to balance book accounts, etc. that the judgment may bar a future demand for the same thing.    Here the judgment is not predicated upon, nor doth it appear to have relation to any particular debt or duty, and would not be a bar to any demand whatever; it is, therefore, deficient and erroneous.

As to the other matter alleged in error, that the justice took a confession for £27 and thereupon entered two judgments; though such a proceeding would be erroneous, it does not appear to have been the case.    The averment is contrary to the record, and therefore not admissible.

LAW, C. J., and SHERMAN, J., dissenting.    As the law relating to confessions is, that a justice may take a confession for a debt not exceeding £20, which confession the justice is directed to take; and there is no direction requiring the justice, in his record, to specify on what account the debt originated; we therefore doubt, whether, if omitted, it is cause of error.    At the same time, we think it is well

enough, that the justice should mention in his judgment on what account it arose, as thereby it may be beneficial to prevent any future dispute.